UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
SERGIO VAZQUEZ,                                       :
SILVESTRE CRUZ FLORES, and                            :
YULIO DE LA ROSA,                                     :
                                                      :
                              Plaintiffs,             :
                                                      :
                                                      :
                                                      :
-against-                                             :
                                                      :
                                                      :
ADARP, INC. d/b/a OPEN HOUSE and now as GLORY         :
 ON HOUSTON,                                          :
ROBERT KODA,                                          :         **COMPLAINT**
BENJAPOL PUTOOMPOTI, and                              :
LANCE STAMPS,                                         :
                                                      :
                                                      :
                              Defendants.             :
---------------------------------------------------------------- X

## PRELIMINARY STATEMENT

Plaintiffs, through their undersigned counsel, bring this action to recover damages for violations of Federal and New York law governing minimum wages and the ownership of gratuities.  The Plaintiffs were formerly employed by ADARP, INC. (at the relevant time d/b/a "Open House" and currently d/b/a "Glory on Houston") ("ADARP") as bartenders and barbacks. ADARP is owned and operated by the individual Defendants in New York, New York.  As described herein, Defendants failed to pay Plaintiffs any wages, let alone minimum wages as required under federal and state law.  Instead, the Plaintiffs were compensated exclusively through gratuities received from ADARP

customers.  Defendants also illegally retained a portion of the gratuities that the Plaintiffs earned during their employment and were entitled to retain.  In addition, Defendants failed to provide required notice to Plaintiffs at the time they were hired and at the times they were paid.

**JURISDICTION AND VENUE**

1.　　　This Court has jurisdiction over Plaintiffs' federal claims pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216 and 28 U.S.C. § 1331 and § 1337.

2.　　　This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

3.　　　Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District including but not limited to Plaintiffs' performance of work for Defendants and Defendants' failure to pay Plaintiffs the required minimum wage for their labor.

**PARTIES**

4.　　　Plaintiff Sergio Vazquez was employed by Defendants as a bartender from May 2015 through October 2017.

5.　　　Plaintiff Silvestre Cruz Flores was employed by Defendants as a barback from July 2015 through September 2017.

6.　　　Plaintiff Yulio de la Rosa was employed by Defendants as a barback from September 2015 through October 2017.

7.      Upon information and belief, ADARP, INC. is a New York corporation with a principal place of business at 244 East Houston Street, New York, New York.

8.      At all times during which Plaintiffs were employed by Defendants, Defendants did business as "Open House," which operated as a nightclub.

9.      On information and belief, Defendant Benjapol Putoompoti is an owner of ADARP.  On information and belief, at all times relevant to the allegations herein, he had the power to hire and fire employees at ADARP, establish their wages, set their work schedules, and maintain their employment records.

10.     On information and belief, Defendant Lance Stamps is an owner of ADARP.  On information and belief, at all times relevant to the allegations herein, he had the power to hire and fire employees at ADARP, establish their wages, set their work schedules, and maintain their employment records.

11.     On information and belief, Defendant Robert Koda is an owner of ADARP.  On information and belief, at all times relevant to the allegations herein, he had the power to hire and fire employees at ADARP, establish their wages, set their work schedules, and maintain their employment records.

12.     On information and belief, ADARP is and was at all times relevant to the allegations in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that ADARP (i) had employees engaged in commerce or in the production of goods for commerce, and/or had employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by

any person; and (ii) has and has had an annual gross volume of sales of not less than $500,000.

## STATEMENT OF FACTS

13.     At all relevant times, the Fair Labor Standards Act, 29 U.S.C. § 206 has required the Defendants to pay the Plaintiffs a minimum wage of $7.25 per hour.

14.     At all relevant times, the New York Minimum Wage Act, New York Labor Law § 652, has required the Defendants to pay the Plaintiffs minimum wages of between $8.75 and $10.50 per hour.

15.     Plaintiffs were employed as bartenders or barbacks by Defendants at ADARP beginning at various times as early as approximately May 2015 until various times as late as October 2017, as described in paragraphs 4 to 6.

16.     The Defendants never, as required by law, notified the Plaintiffs of their intention to pay the Plaintiffs less than the full minimum wage on the basis of the applicable statutory and regulatory provisions relating to the tip credit and tip allowance.

17.     The Defendants willfully failed to pay Plaintiffs for their services and instead compensated them exclusively in gratuities from ADARP customers, in violation of the FLSA and New York Minimum Wage Act.

18.     Defendants did not provide Plaintiffs, either prior to the start of Plaintiffs' employment or later, written notice of Plaintiffs' hourly pay rate, overtime hourly pay rate, the amount of tip credit, if any, to be taken from the basic minimum hourly rate, or the regular payday.

4

19.     Defendants never provided any written notice, at the time of payment or afterward, explaining the number of hours worked, gross wages, any deductions, and other information as required under New York law.

20.     During the time that Plaintiffs worked at ADARP, customers routinely left gratuities to the Plaintiffs for their service.

21.     Plaintiffs' only compensation for their work at ADARP was exclusively through portions of the gratuities from customers, which Defendants would distribute.

22.     The Defendants willfully and knowingly retained a portion of the gratuities earned by Plaintiffs.

23.     The Defendants controlled the tip distribution process rather than permitting the directly tipped employees to determine and operate the tip distribution process as required by law. More specifically, Defendants determined shares of tips per tipped employee behind closed doors rather than allowing directly tipped employees to do so.

## FIRST CAUSE OF ACTION
### Minimum Wages Under the Fair Labor Standards Act

24.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein

25.     At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of the FLSA, specifically 29 U.S.C. § 203.

26.     At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce, or were employed by an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA

27.     Defendants failed to pay Plaintiffs the applicable minimum hourly wage, in violation of 29 U.S.C. § 206(a).

28.     Defendants' failure to pay Plaintiffs their lawful minimum wages was willful.

29.     Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the Fair Labor Standards Act, specifically 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
### Minimum Wages Under New York Labor Law

30.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein

31.     At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

32.     Defendants willfully failed to pay Plaintiffs at the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, specifically New York Labor Law § 652.

33.     Defendants' failure to pay Plaintiffs their lawful minimum wages was willful.

34.     Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an amount equal to one quarter of their unpaid minimum wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest.

## THIRD CAUSE OF ACTION
### For Failure to Provide Notice at Time of Hiring Under the New York Labor Law

35.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein

36.     Defendants did not provide Plaintiffs, either prior to the start of Plaintiffs' employment or later, any written notice of Plaintiffs' hourly pay rate, overtime hourly pay rate, the amount of tip credit, if any, to be taken from the basic minimum hourly rate, or the regular payday.

37.     Defendants' acts violated N.Y. Labor Law § 195(1).

38.     Due to Defendants' violations, Plaintiffs are entitled to recover damages for each day that the violations occurred or continued to occur, together with costs and reasonable attorney's fees, and any other relief that the court deems necessary and appropriate.

**FOURTH CAUSE OF ACTION**
**For Failure to Provide Notice at Payment Under the New York Labor Law**

39.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

40.     Throughout Plaintiffs' employment for Defendants, Defendants failed to provide Plaintiffs with a written statement at the time wages were paid containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate(s) of pay and basis this of; gross wages; deductions; allowances, if any; net wages; regular hourly rate of pay; overtime rate of pay; number of regular hours worked; and number of overtime hours worked.

41.     Defendants' acts violated N.Y. Labor Law § 195(3).

42.     Due to Defendants' violations, Plaintiffs are entitled to recover damages for each day that the violations occurred or continued to occur, together with costs and reasonable attorney's fees, and any other relief that the court deems necessary and appropriate.

**FIFTH CAUSE OF ACTION**
**Claim For Retained Gratuities Under New York Labor Law**

43.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

44.      Plaintiffs worked as bartenders and barbacks at ADARP and received gratuities for their services waiting on customers.

45.     Defendants retained a portion of the gratuities in violation of New York Labor Law § 196-d.

46.     Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, damages in the amount of the gratuity payments that were retained by Defendants and an amount equal to one quarter of the retained portion of gratuities in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to New York Labor Law § 198.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Plaintiffs respectfully seek the following relief:

a.      Judgment in favor of each Plaintiff and against each Defendant, jointly and severally, in the amount of the unpaid minimum wages due under the FLSA, the New York Minimum Wage Act, the New York Labor Law and its regulations and an additional equal amount as liquidated damages;

b.      Awarding Plaintiffs damages due to notice violations under the NYLL;

c.      Awarding Plaintiffs an amount equal to the portion of gratuities unlawfully retained by Defendants due under New York Labor Law;

d.      Awarding Plaintiffs prejudgment interest; and

e.      Awarding Plaintiffs the costs of this action, together with reasonable

attorneys' fees, and such other and further relief as this Court deems necessary and

proper.

Dated: New York, New York
       March 20, 2019

                              DEBEVOISE & PLIMPTON, LLP

                              By: /s/  _Jyotin Hamid_____
                                   Jyotin Hamid
                                   919 Third Avenue
                                   New York, New York 10022
                                   212-909-6000

                              CATHOLIC MIGRATION SERVICES

                              /s/  _Magdalena Barbosa_____
                              Magdalena Barbosa
                              47-01 Queens Boulevard, Suite 203
                              Queens, New York 11104

                              Attorneys for Plaintiffs